GREEN, J\udge,
delivered the opinion of the court:
The petition shows that the case is before this court pursuant to a resolution passed by the Senate of the United States March 3, 1928, which referred to this court a large number of claims known as the cotton linter cases, among which was the claim of the plaintiff for $5,313.71. The claim of the Farmers & Ginners Cotton Oil Co. v. United States was submitted to the court as a test case and in 76 C. Cls. 294, it was held, following the decision in the case of Hazelhurst Oil Mill & Fertilizer Co. v. United States, 70 C. Cls. 334, that *316 the contract of settlement upon which the defendant relied in all of these cases was obtained by duress and was void under the facts in the case then before the court. Since the decision in the Farmers & Ginners case, supra, a large number of these cotton linter cases have been presented to the court on the same issue and decided, in which the facts supporting the claim of duress in the contract of settlement with the defendant were substantially the same as in the test case, and judgment has been rendered for the plaintiffs accordingly. But in the case now before us, the facts are altogether different. The plaintiff never manufactured any munition linters on account of a failure in its machinery, and consequently did not perform any of its part of the contract. It asked and obtained leave to sell the cotton seed which it had purchased and did so sell a portion thereof. A principal part, or at least a very important part, of the duress in the cases in which the plaintiffs were given judgment was the threat of defendant to refuse to pay for the munition linters which had already been tagged and accepted, which the opinion in the Hazelhurst ease, supra, said was a “course of action for which the Government can not present even the shadow of a legal right” and would have had a disastrous and irremediable effect upon the manufacturer. Nothing of the kind appears in the instant case, for no munition linters had been manufactured. Pursuant to notice given by the defendant after the Armistice had been signed, it made commercial linters.
Defendant urges that there is no showing that plaintiff could at any time have made munition linters, but we think we are justified in presuming that after the defect in its machinery had been remedied the munition linters originally contracted for could have been made. However this may be, we think there is a failure to show duress by reason of the fact that before the contract had been canceled by defendant the plaintiff had failed in its part of the agreement and defendant therefore was entitled to cancel the contract; also by reason that no irreparable damage to plaintiff appears from the facts agreed upon. There being no duress, the settlement signed by plaintiff is conclusive against it.
It follows that plaintiff is not entitled to recover any damages in the case and that its petition must be dismissed, *317 and the proceedings had herein will be reported to the Senate pursuant to the resolution referring the case to this court. It is so ordered.
Littleton, Judge; and Whalet, OKief Justice, concur.
Whitakeb, Judge, took no part in the decision of this case.